UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

CHARLES NEWTON,

Plaintiff,

v.

ANDREW WINTERSTEEN,

Defendant.

Case No. 2:16-cv-01705-RFB-PAL

**ORDER**

(Mot. – ECF No. )

This matter is before the court on Plaintiff Charles Newton's Motion for Appointment of Counsel (ECF No. 9) and Motion for Mediation Conference (ECF No. 29). Also before the court is Defendants' Motion to Strike (ECF No. 46). These Motions are referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 of the Local Rules of Practice.

**BACKGROUND**

Plaintiff is a *pro se* prisoner in the custody of the Nevada Department of Corrections. Plaintiff has also received permission to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915 and LSR 1-1 of the Local Rules of Practice. *See* IFP Application (ECF No. 8); May 31, 2017 Order (ECF No. 27).

This case arises from Plaintiff's allegations, pursuant to 28 U.S.C. § 1983, that lifetime supervision for convicted sex offenders is unconstitutional. In July 2016, Plaintiff commenced this action by filing an IFP application and a proposed complaint naming Defendants Andrew Wintersteen, Plaintiff's parole officer, and the Nevada Parole Board. Upon review of the complaint, the court determined that Plaintiff's claim regarding his lifetime supervision survived screening, but dismissed the remaining claims. *See* Screening Order (ECF No. 10). The court stayed the case for 90 days to allow the parties an opportunity to settle their dispute through the Inmate Early Mediation Program before the filing of an answer or starting the discovery process.

*Id*. at 5; *see also* Mar. 31, 2017 Order (ECF No. 13) (setting inmate early mediation conference). The parties did not reach a settlement during the mediation session; thus, the court-appointed mediator returned this case to the normal litigation track. *See* Apr. 28, 2017 Mins. of Proceedings (ECF No. 16); Status Report (ECF No. 24).

After Plaintiff filed the current case, he filed a second lawsuit in August 2016 alleging that lifetime supervision for convicted sex offenders is unconstitutional but he named different defendants, the State of Nevada and Attorney General Adam Paul Laxalt. *See Newton v. State of Nevada, et al.*, 16-cv-1915-JAD-CWH. The presiding district judges agreed that the two cases are related and ordered consolidation. *See* May 17, 2017 Order (ECF No. 20).

On May 31, 2017, the court entered an Order (ECF No. 27) directing electronic service of the Complaint on the Nevada Office of the Attorney General ("Attorney General") and instructing that a notice be filed with the court indicating the names of the defendants for whom the Attorney General accepts service, and those it does not. *Id*. ¶¶ 4, 6. Plaintiff was also given leave to file an amended complaint. *Id*. ¶ 12. Plaintiff filed a First Amended Complaint (ECF No. 30) on June 6, 2017, which narrowed the defendants to Wintersteen alone. On June 21, 2017, the Attorney General accepted service on behalf of Defendant Wintersteen. *See* Notice Acceptance of Service (ECF No. 35). Wintersteen filed an Answer (ECF No. 45) on July 31, 2017.

## **DISCUSSION**

**I.** **PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL**

A litigant in a civil rights action does not have a Sixth Amendment right to appointed counsel. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (citing *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981)); *Ivey v. Board of Regents*, 673 F.2d 266 (9th Cir. 1982). Pursuant to 28 U.S.C. § 1915(e)(1), the court may ask an attorney to represent a litigant proceeding *in forma pauperis*. *Id*. This statute does not require that the court appoint counsel or authorize the court to direct payment for a litigant's attorney's fees, it merely allows the court to request that an attorney represent an indigent litigant on a pro bono basis. *See Mallard v. United States Dist. Ct.*, 490 U.S. 296, 304–05 (1989); *United States v. 30.64 Acres of Land*, 795 F.2d 796, 798–804 (9th Cir. 1986).

The appointment of counsel is limited to cases presenting exceptional circumstances. *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004); *Aldabe v. Aldabe*, 616 F.2d 1089, 1093 (9th Cir. 1980) (per curiam). The word "exceptional" is defined as "out of the ordinary course, unusual," or "rare." *See* Oxford English Dictionary (Oxford Univ. Press 2015). In deciding whether to appoint counsel, the court should consider: (1) the likelihood of success of the pro se party's claims on the merits, and (2) the ability of the party to articulate claims pro se in light of the complexity of the legal issues involved. *Harrington v. Scribner*, 785 F.3d 1299, 1309 (9th Cir. 2015); *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (finding that neither factor is controlling); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

Plaintiff's Motion (ECF No. 9) asks the court to appoint counsel because his incarceration impedes his ability to litigate his case. Plaintiff has received permission to proceed IFP and he asserts that he is unable to afford counsel. He claims the substantive issues and procedural matters in this case are too complex for his comprehension and abilities. Counsel would assist Plaintiff in presenting his case and ease the court's task of discerning the issues.

Plaintiff has not established that exceptional circumstances exist to justify the appointment of counsel. Plaintiff's initial complaint alleged that lifetime supervision for convicted sex offenders is unconstitutional. The court determined that Plaintiff's claim regarding his lifetime supervision survived screening. *See* Screening Order (ECF No. 10). Based on the record, the court is unable to assess the likelihood of success of Plaintiff's claim on its merits. However, the court finds that the facts alleged and legal issues raised may involve a constitutional challenge, but are not so complex that Plaintiff is unable to present his case. Since commencing this action, Plaintiff has submitted and numerous motions to the court. He has demonstrated sufficient ability to write and articulate his requests. The court appreciates that it is difficult for pro se parties to litigate their claims and that almost every pro se party would benefit from representation by counsel. However, the court cannot require counsel to accept representation on a pro bono basis, and the number of attorneys available to accept a pro bono appointment is very small. The motion is denied.

## II. PLAINTIFF'S MOTION FOR MEDIATION CONFERENCE

This Motion (ECF No. 29) asks the court to allow a second mediation session based on a new argument included in his amended complaint and the consolidation of his cases. Defendants did not respond to Plaintiff's motion.

The court created the Inmate Early Mediation Program to assist in the management of inmate civil rights cases. The court appoints attorneys to serve as impartial mediators who preside over mediations with inmate plaintiffs suing for constitutional violations related to their confinement pursuant to 42 U.S.C. § 1983. The core of Plaintiff's allegations in this case present a legal question—whether lifetime supervision for convicted sex offenders violates his constitutional rights. Mediators assist the parties in arriving at a settlement or achieving a better understanding of the case, but they do not decide the merits of the parties' legal arguments. It is not clear what Plaintiff expects would be accomplished from a second session. Pursuant to local practice the district judge will refer this case to me for a mandatory settlement conference after discovery has closed and any dispositive motions have been decided. Plaintiff's request for a second mediation session is denied at this time.

## III. DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S SECOND AMENDED COMPLAINT

This Motion (ECF No. 46) asks the court to strike Plaintiff's Second Amended Complaint (ECF No. 45) because Plaintiff failed to seek or obtain defendant's consent or leave of the court to further amend his pleadings.

Rule 15 provides that a party may amend a pleading once "as a matter of course" within 21 days after serving it. Fed. R. Civ. P. 15(a)(1)(A). After that, a party may amend its pleading only by leave of the court or with the opposing party's written consent. Fed. R. Civ. P. 15(a)(2). "It is well established that district courts have inherent power to control their docket." *Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010) (quoting *Atchison, Topeka & Santa Fe Ry. v. Hercules, Inc.*, 146 F.3d 1071, 1074 (9th Cir. 1998); *Hernandez v. City of El Monte*, 138 F.3d 393, 398 (9th Cir. 1998)). This includes the power to strike improperly filed items from the docket as a sanction for litigation misconduct. *See, e.g.*, *id*. at 404–05; *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 586–87, 588 (9th Cir. 2008).

Accordingly,

**IT IS ORDERED:**

1. Plaintiff Charles Newton's Motion for Appointment of Counsel (ECF No. 9) and Motion for Mediation Conference (ECF No. 29) are **DENIED**.
2. Defendants' Motion to Strike (ECF No. 46) Plaintiff's Second Amended Complaint is **GRANTED**.
3. The Clerk of the Court is instructed to **STRIKE** Plaintiff's Second Amended Complaint (ECF No. 45) from the docket.

Dated this 9th day of August, 2017.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE