UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

CHARLES NEWTON,

    Plaintiff,

v.

ANDREW WINTERSTEEN,

    Defendant.

Case No. 2:16-cv-01705-RFB-PAL

**ORDER**

Motions for Summary Judgment

## I. INTRODUCTION

Before the Court is Plaintiff's Supplemental Motion for Summary Judgment (ECF No. 98) and Defendant's Motion for Summary Judgement (ECF No. 112). For the reasons discussed below, the Plaintiff's Motion is denied and the Defendant's Motion is granted.

## II. PROCEDURAL BACKGROUND

Plaintiff filed the Complaint on July 18, 2016. ECF No. 1. On February 28, 2017, the Court screened the Complaint. ECF No. 10. The Court allowed the claims regarding the constitutionality of lifetime supervision for sex offenders to proceed, and dismissed all other claims. Plaintiff filed a First Amended Complaint on June 6, 2017, which is the operative pleading in this case. ECF No.

30. Plaintiff filed a Motion for Summary Judgment on June 16, 2017. ECF No. 32. On February 13, 2018, the Court held a hearing, in which it dismissed the separation of powers claim with prejudice and gave Plaintiff until March 19, 2018 to file a supplement to his Motion for Summary Judgment. Plaintiff filed a Supplemental Motion for Summary Judgment on February 21, 2018. ECF No. 98. Plaintiff filed a Motion to Reconsider the Court's Order on February 23, 2018. ECF No. 101. Plaintiff filed a Petition for Default Judgment on February 23, 2018. ECF No. 102. Defendant filed a Motion for Summary Judgment on March 15, 2018. ECF No. 112.

**III.    DISCUSSION**

Plaintiff has two remaining Section 1983 claims in this case. The Court finds that Plaintiff confirmed the theories he was advancing under each claim at the hearing on August 17, 2018. He is asserting a First Amendment claim in which he argues that the lifetime supervision condition related to his sex offender conviction is unlawful as it violates his First Amendment rights regarding where he can live and assemble. He further asserts under that, when he pled guilty, the conditions of his lifetime supervision were not adequately explained to him. Plaintiff also has a "Due Process" claim in which he argues that the lifetime supervision statute was improperly applied in his case as it relates to his residence and that this misapplication led to his rearrest and incarceration.

Upon consideration of these claims and the record in this case, the Court finds that it must grant summary judgment for the Defendant as to the Plaintiff's remaining claims. Under the Heck doctrine, a civil litigant convicted of a crime cannot maintain a cause of action pursuant to § 1983 if a judgment in favor of the plaintiff in the civil action would imply that the plaintiff's conviction or sentence was invalid. Heck v. Humphrey, 512 U.S. 477 (1994). The Ninth Circuit has

interpreted this to mean that "if a criminal conviction arising out of the same facts stands and is fundamentally inconsistent with the unlawful behavior for which section 1983 damages are sought, the section 1983 action must be dismissed." Smithart v. Towery, 79 F.3d 951, 952 (9th Cir. 1996).

A judgment in favor of the Plaintiff on either of his remaining claims would directly challenge an aspect of his conviction or sentence. His First Amendment claim argues that the restrictions on where defendants under lifetime supervision can live and travel violate the freedom to assemble. However, Plaintiff became subject to these restrictions as part of his original plea agreement in 2010. In order to challenge these conditions, Plaintiff would have to argue, as he did at the August 17, 2018 hearing, that he did not enter that plea agreement knowingly and voluntarily. Because such a finding would directly challenge the validity of Plaintiff's underlying guilty plea and sentence, this claim is barred from being brought in a § 1983 case by Heck. Additionally, if Plaintiff was to succeed in arguing that Defendant's failure to approve his proposed housing in 2014 violated his due process rights, this conclusion would be fundamentally inconsistent with the legality of his rearrest and reincarceration for violations of the conditions of lifetime supervision in September 2014. Smithart, 79 F.3d at 952. Under the Heck doctrine, a civil § 1983 claim is simply not the appropriate avenue to bring either of these claims.

The holding in this case applies with equal force to the claims in the consolidated member case of 16-cv-1915-RFB-PAL, as that case has the same essential claims asserted by the Plaintiff.

**IV.    CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment (ECF No. 112) is GRANTED.

**IT IS FURTHER ORDERED** that Plaintiff's Supplemental Motion for Summary Judgment (ECF No. 98) is DENIED.

**IT IS FURTHER ORDERED** that all other motions in this case are DENIED without prejudice as moot.

The Clerk of the Court shall enter judgment accordingly and close this case and close the consolidated member case of 16-cv-1915-RFB-PAL.

DATED: August 20, 2018.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**